UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

VOLTAGE PICTURES, LLC, a California
Limited Liability Company, and
DALLAS BUYERS CLUB, LLC, a Texas
Limited Liability Company,

Case No.: 6:14-CV-1408-AC

OPINION AND ORDER

Plaintiffs,

v.

DOE-98.232.236.10,

Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

On September 7, 2014, the court granted the *Ex Parte* Motion to Expedite Discovery filed

by plaintiffs Voltage Pictures, LLC, and Dallas Buyers Club, LLC (collectively the "Plaintiffs"), to

determine the identity of the account holder assigned to IP address 98.232.236.10.  The discovery

Page 1 - OPINION AND ORDER                                              *{SIB}*

revealed the Alpha Tau Omega fraternity at Oregon State University in Corvallis, Oregon ("ATO"), held the IP address. In response to a subpoena issued by Plaintiffs, the language of which was negotiated between counsel for Plaintiffs and counsel for ATO, ATO identified twenty-two occupants of the fraternity at the relevant times (twelve with incomplete names), but did not provide any requested documents relating to such individuals, specifically class schedules for the occupants. An attempt to obtain the class schedules from Oregon State University through subpoena was also unsuccessful based on the inability to identify more than half of the parties identified by ATO.

Plaintiffs initiated contact with ATO's counsel, who advised he was no longer representing ATO in this matter and identified Philip Hampton as ATO's new contact. Plaintiffs' subsequent communications with Hampton, who represented he was the President of ATO, were not successful. Hampton provided eighteen additional incomplete names, some of which were females, and refused to provide any additional identifying information which would allow Oregon State University to provide class schedules for many of the identified occupants.

Plaintiffs now move to compel ATO to either provide the documents requested in the original subpoena or adequately identify the occupants of the fraternity during the relevant period to allow Oregon State University to provide class schedules. The information necessary to identify a student is a full name, including middle name; a date of birth; a student ID number; or a home address. Plaintiffs request the production of two of the four pieces of information to ensure identification occurs.

*Legal Standard*s

Federal Rule of Civil Procedure 26(d) provides:

[a] party may not seek discovery from any source before the parties have conferred

as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FED. R. CIV. P. 26(d)(1). Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to command a nonparty to attend and testify at a deposition or produce designated documents, electronically stored information, or tangible things in its possession, custody or control. FED. R. CIV. P. 45(a)(1)(A)(iii). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

*Discussion*

Plaintiffs seek information relevant to the discovery of the identity of the individual responsible for the infringing conduct identified in their complaint. The Ninth Circuit allows a plaintiff to engage in discovery to identify Doe defendants when the identity of such defendants is not known prior the filing of a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This applies equally to plaintiffs who have failed to identify any defendant and must, therefore, engage in non-party discovery to determine the identity of the proper defendants. *Cottrell v. Unknown Correctional Officers, 1-10*, 230 F.3d 1366, 1366 (9th Cir. 2000)("The district court erred when it concluded that discovery would not uncover the identities of the defendants because there were no named defendants to serve in this case. Federal Rule of Civil Procedure 26(d) allows the district court to order discovery early in the case and Rule 45 allows service of a subpoena on a non-party.")

Provision of the information requested will not impose undue burden or expense on ATO. The current occupants of the fraternity are readily available and able to provide requested

Page 3 - OPINION AND ORDER                                                        *{SIB}*

information.  Former occupants will likely have provided the requested information on applications or membership forms currently in the custody of ATO.  Accordingly, Plaintiffs' motion to compel is appropriate and justified.

*Conclusion*

Plaintiffs' motion (#15) to compel is GRANTED.  Within fourteen (14) days of this order, ATO shall either identify to Plaintiffs the occupants of ATO with sufficient particularity to permit them to be identified by Oregon State University, or provide the subpoenaed documents to Plaintiffs in full.  ATO's failure to comply with this order will result in a show cause hearing to determine whether ATO should be held in contempt of court and subject to sanctions.   Plaintiffs' request for leave to proceed against ATO under a ratification theory with an acknowledgment that ATO has actively impaired Plaintiffs' efforts to identify the actual infringer in the event ATO does not comply with this order is denied.

DATED this 28th day of January, 2015.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge